## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 30 2018, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stephen A. Kray
LaPorte, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Maryann Wolanin and James A. Bridges, <br> *Appellants/Defendants,* <br><br> v. <br><br> Susan Balanow, <br> *Appellee/Plaintiff.* | August 30, 2018 <br><br> Court of Appeals Case No. 18A-PL-93 <br><br> Appeal from the LaPorte Superior Court <br><br> The Honorable Jeffrey L. Thorne, Judge <br><br> Trial Court Cause No. 46D03-1704-PL-792 |

**Pyle, Judge.**

## Statement of the Case

[1] Appellants, Maryann Wolanin and James Bridges (collectively, "Sellers"), appeal the trial court's denial of their Trial Rule 12(C) motion for judgment on the pleadings. Concluding that Sellers have not met their burden to show that

there are no circumstances under which Appellee Susan Balanow ("Buyer") could be granted relief, we affirm the trial court's ruling.

[2] We affirm.

## Issue

Whether the trial court erred by denying Sellers' motion for judgment on the pleadings.

## Facts

[3] On April 21, 2018, Buyer filed a complaint (the "Complaint") in the LaPorte Superior Court alleging that she was entitled to specific performance and damages for Sellers' alleged breach of contract. Specifically, Buyer alleged that Sellers failed to perform their obligations pursuant to a purchase agreement ("Purchase Agreement") for the sale of Sellers' house to Buyer. In her Complaint, Buyer alleged the following, in pertinent part:

> 3. On or about February 18, 2017, [Buyer] and [Sellers] entered into a certain [Purchase Agreement]. Copy of the Purchase Agreement is attached hereto as Exhibit "A" and incorporated herein by this reference.
>
> *****
>
> 6. Pursuant to Paragraph (f) of the Purchase Agreement, the transaction was scheduled to close on or before April 18, 2017.
>
> 7. The Purchase Agreement was complete, certain, fair, just, and equal.
>
> 8. On or about April 17, 2017, [Sellers] notified [Buyer] that [Sellers] did not intend to proceed with the closing.

(App. Vol. 2 at 5-6). Attached as an exhibit ("Exhibit A") to the Complaint was a copy of the Purchase Agreement, which contained the following provisions regarding offer, acceptance, and expiration:

> **(x) ACCEPTANCE DATE AND BINDING CONTRACT**: The **Acceptance Date** will be the date of full execution (signing) of this *Agreement* by all parties, that is, the date one party accepts all terms of the other party's written and signed *Offer* or *Counteroffer*, evidence by the accepting party's signature and date on the *Offer* or *Counteroffer*. The Acceptance must be promptly communicated (by any reasonable and usual mode) to the other party, thereby making this Agreement a legally **Binding Contract**. Communications to the real estate Licensee assisting a party as that party's agent or facilitator (or to that Licensee's Broker) will be considered to be communication to that party. True executed copies of the Contract must be promptly delivered to all parties.
>
> **(y) OFFER EXPIRATION DATE & TIME:** April 18th 2017 [handwritten in blank]. If not Accepted by the date & time (or if blank, by the date and time on Lines 11-13), this *Offer* will expire. However, at any time before the other party's communication of Acceptance, the party making the *Offer* may withdraw the *Offer* by communicating the withdrawal to the other party, and confirm the withdrawal by the prompt delivery of a written *Notice of Withdrawal*.

[4] (App. Vol. 2 at 10) (emphasis in original). On the lines immediately below these two provisions, Buyer and Sellers each had signed and dated the Purchase Agreement on February 18, 2017. Just above Sellers' signatures on line 167 ("Line 167"), line 166 ("Line 166") contained checkboxes next to the following four actions: (1) "Accepted;" (2) "Rejected;" (3) "Countered on this form;" and (4) "Countered on a separate *Counteroffer* form." (App. Vol. 2 at 10) (emphasis in original). All four boxes remained unchecked.

[5] On June 8, 2017, Sellers filed an answer (the "Answer") in which they admitted, among others, Paragraphs 3, 6, 7, and 8 of Buyer's Complaint. On

that same date, Sellers also filed a Rule 12(C) motion for judgment on the pleadings, arguing that the trial court should enter judgment in their favor because Buyer had failed to state a claim upon which relief could be granted. Specifically, Sellers argued:

> The [Purchase Agreement] is not one of finality but has numerous contingencies that allowed the parties to not proceed after the date they signed it on 2-18-17, to wit:
>
> A.) Line 54, buyer obtaining a loan;
>
> B.) Line 67, appraisal value at least equal to purchase price;
>
> C.) Lines 69-70, buyers [sic] satisfaction with property inspection;
>
> D.) Lines 160-163, buyer may withdraw the offer **at anytime before seller's acceptance by April 18th, 2017.**
>
> E.) Line 166, provides a box for [Sellers] to mark when they decided to accept the purchase offer … and [Sellers] did not mark nor initial that box.
>
> F.) A Fortiori in paragraph 8, of the compliant [sic] [Buyer] admits that prior to the deadline date of April 18th, 2017, "[Sellers] notified [Buyer] that [Sellers] did not intend to proceed with the closing."

(App. Vol 2 at 12) (emphasis in original).

[6] On October 4, 2017, the trial court held a hearing on Sellers' motion, and both parties presented arguments. Following the hearing, the trial court issued an order denying Sellers' motion for judgment on the pleadings. Sellers then filed a motion requesting certification for interlocutory appeal, which the trial court granted. Our Court subsequently accepted jurisdiction over the matter, and Sellers now appeal.

## Decision

Initially, we note that Buyer did not file an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing an argument for the appellee. *Tisdial v. Young*, 925 N.E.2d 783, 784 (Ind. Ct. App. 2010). Rather, we reverse the trial court's judgment if the appellant establishes prima facie error, defined in this context as "at first sight, on first appearance, or on the face of it." *Id*. at 784-85 (internal quotation omitted). We affirm where an appellant is unable to meet this burden. *Id*.

Sellers argue that the trial court should have granted their motion for judgment on the pleadings because they notified Buyer before the Purchase Agreement's offer acceptance deadline that they did not intend to proceed with the sale. We review de novo a trial court's grant or denial of a Rule 12(C) motion for judgment on the pleadings. *Waldrip v. Waldrip*, 976 N.E.2d 102, 110 (Ind. Ct. App. 2012). We accept as true the well-pleaded material facts alleged in the complaint and base our ruling solely on the pleadings. *Id*. A Rule 12(C) motion for judgment on the pleadings is to be granted "only where it is clear from the face of the complaint that under no circumstances could relief be granted." *Id*. (internal quotation omitted). For purposes of a Rule 12(C) motion, "[t]he 'pleadings' consist of a complaint and an answer, a reply to any counterclaim, an answer to a cross-claim, a third-party complaint, and an answer to a third-party complaint." *Id*. "Pleadings" also include any written instruments attached to a pleading, pursuant to Indiana Trial Rule 9.2. *LBM Realty, LLC v. Mannia*, 981 N.E.2d 569, 576 n. 10 (Ind. Ct. App. 2012); *see also*

Trial Rule 10(C) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Therefore, in addition to the Complaint and Answer, we will consider the Purchase Agreement attached to the Complaint.

[9] When construing the meaning of a written instrument, our primary task is to determine and effectuate the intent of the parties. *Bell v. Bryant Co., Inc.*, 2 N.E.3d 716, 720 (Ind. Ct. App. 2013). We attempt to determine the parties' intent at the time the contract was made, which is ascertained by the language used to express their rights and duties. *Id.* (internal quotation omitted). If a contract's language is unambiguous, the parties' intent is determined from the "four corners of the instrument." *Id*. Conversely, if a contract's language is ambiguous or uncertain, its meaning must be determined by examining extrinsic evidence, which is a task usually reserved for the fact-finder. *Id*.

[10] In this case, neither party alleges that the Purchase Agreement is ambiguous or uncertain. Buyer pleads in Paragraph 7 of her Complaint that the Purchase Agreement was "complete, certain, fair, just, and equal," and Sellers admit to Paragraph 7 in their Answer. (App. Vol. 2 at 5). Rather, Sellers contend that because the pleadings show that they notified Buyer prior to the Purchase Agreement's offer acceptance deadline that they did not intend to proceed with the closing, no circumstances can exist under which Buyer is entitled to relief. We disagree.

A material fact at issue in this case is whether Sellers permissibly withdrew from the Purchase Agreement after signing on Line 167, and the pleadings alone do not resolve this question. Although Sellers argue that the Purchase Agreement contained "numerous contingencies that allowed the parties not to proceed after the date they signed it," (App. Vol. 2 at 12), it is not clear from the face of the pleadings which of these contingencies, if any, applied to the Sellers' actions. Indeed, the evidence may reveal that none of these contingencies applied to Sellers' actions and that they breached the Purchase Agreement by refusing to attend the scheduled closing. Because the pleadings leave unresolved a material issue of fact, a judgment on the pleadings is not appropriate here. *Cf. Waldrip*, 976 N.E.2d at 110 ("If the pleadings present no material issues of fact and the acts shown by the pleadings clearly entitle a party to judgment, an entry of judgment on the pleadings is appropriate").

Accordingly, Sellers failed to meet their burden under Rule 12(C). We therefore affirm the trial court.

Affirmed.

Najam, J., and Crone, J., concur.